## PEOPLE *v.* HAWKS.

BASTARDY—EVIDENCE—ATTEMPTED SETTLEMENT.

In a prosecution for bastardy, evidence that a brother of the respondent attempted to settle the matter has no tendency to prove the respondent's guilt, if done without his knowledge.

*Certiorari* to Huron; Beach, J. Submitted November 21, 1895. Decided December 3, 1895.

Robert Hawks was convicted of bastardy, and brings *certiorari*. Judgment reversed.

*James H. Hall* and *Atkinson & Atkinson,* for appellant.

*Hiram L. Chipman,* Prosecuting Attorney, for the people.

HOOKER, J. The defendant appeals from a conviction under the bastardy act. Against objection, the prosecuting attorney was permitted to show that, in consideration of money paid to her by the defendant's brother, the

prosecutrix promised to leave, and not bring disgrace upon the family, or attempt to prosecute the defendant. This was done while defendant was absent, and, so far as appears, was without his knowledge or consent, his brother so testifying.

The court, in the charge, said to the jury that—

"There is no direct evidence—that is, the evidence of any witness testifying directly—that Robert Hawks authorized or consented to the payment of money, or knew of the agency, or knew of the agreement, or that William Hawks undertook the matter of the agency for Robert Hawks in that respect, * * * or that he authorized or consented to these things, or adopted them. * * * If these matters are to be considered as corroborating circumstances, it must be by reason of the relationship of these parties alone, so far as any direct evidence is concerned."

He further said these were "to be considered as corroborating circumstances, by reason of the relationship."

"As I say to you, at most, if you draw such an inference that Robert Hawks authorized and adopted it, it would not be a confession of guilt, but a circumstance, only, to weigh in determining the main issue of the paternity of the child."

In short, the court said, in substance, that the fact that the brother attempted to settle the matter was evidence that the defendant was the father of the child, although done upon his own responsibility, and without the consent or even the knowledge of the defendant. We think this was error.

The judgment must be reversed, and a new trial directed.

The other Justices concurred.